UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY A. YOUNG, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:12-CV-778 (CEJ) |
| KRUSE, REINKER & HAMILTON, LLC, et al., | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Kruse, Reinker & Hamilton, LLC (KRH) to compel discovery. Plaintiff has filed a memorandum in opposition, and the issues have been fully briefed.

Plaintiff brings this action against KRH and Malkin Properties of Missouri, Inc. (Malkin), claiming that they violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in connection with a form letter that was sent to plaintiff. Plaintiff seeks to bring this action on her own behalf and on behalf of a class of individuals who also received the form letter.

On November 21, 2012, KRH served plaintiff with its first set of interrogatories. KRH argues that plaintiff's answers to interrogatories 12, 13, 16, 18-22, and 24, are insufficient and lack specificity.[1]

**Interrogatories 12 and 13**

Subpart (a) of Interrogatory 12 asks plaintiff to identify each act plaintiff alleges KRH committed in violation of the FDCPA. Plaintiff answered stating that her amended

---

[1] KRH also complained that plaintiff failed to provide a verification page with her answers. However, after filing the motion, KRH notified the Court that a verification page was provided.

class action petition contained as much specificity as she could provide. Subpart (b) of Interrogatory 12 asks plaintiff to identify the specific section of the FDCPA that KRH allegedly violated "as set forth in [subpart] (a)." Plaintiff objected to the language "as set forth in [subpart] (a)" as being "so undefined as to be unanswerable." Subject to the objection, plaintiff responded that her amended class action petition was pleaded with sufficient factual specificity and that she would not "reveal her legal argument before it is timely required."

Interrogatory 13 asks plaintiff to identify by date, speaker, and content any and all communications made to plaintiff by KRH that plaintiff believes to be false, unfair, deceptive or misleading. KRH also asks plaintiff to point to the specific section of the FDCPA that plaintiff claims KRH violated and to describe how KRH allegedly violated the statute. Again, plaintiff responded that her amended class action petition is pled with factual specificity and that it contains as much specificity as plaintiff can provide.

"The answer to an interrogatory must be responsive to the question; it should be complete in itself and should not refer to other documents." <u>Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.</u>, 55 F.R.D. 354, 356 (W.D. Mo. 1972). Plaintiff's reference to her petition is an insufficient response to the interrogatories. See <u>Atlantic Recording Corp. et al. v. Raleigh</u>, No. 4:06-cv-1708 (E.D. Mo. 2008). Plaintiff claims that the defendant violated the FDCPA. Thus, it is not unreasonable for plaintiff to be required to describe the acts committed by defendant that she believes violated the Act, nor does identifying the specific provision(s) of the Act on which her claim is based require disclosure of plaintiff's legal strategy. Plaintiff will be ordered to provide complete answers to Interrogatories 12 and 13.

### Interrogatories 16, 18-22, and 24

These interrogatories seek factual information supporting plaintiff's class certification allegations.  Plaintiff has the burden of establishing that the requirements of Rule 23 are met. See Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir. 1977).  However, plaintiff has not yet filed a motion for class certification and the class allegations in her complaint cannot substitute for a motion.  If plaintiff seeks class certification, the defendant will be entitled to discover the factual basis for the motion.  The Court believes that discovery on this class issue is premature at this stage of litigation.  Plaintiff will not be required to provide further answers to Interrogatories 16, 18-22, and 24.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Kruse, Reinker & Hamilton, LLC to compel plaintiff's discovery responses [Doc. #28] is **granted in part.**

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 1, 2013** to provide complete, sworn answers to defendant's Interrogatories 12 and 13.

**IT IS FURTHER ORDERED** that the defendant's motion to compel is **denied in all other respects**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2013.