UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY A. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:12-CV-778 (CEJ) |
| | ) | |
| KRUSE, REINKER & HAMILTON, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Malkin Properties of Missouri, Inc. (Malkin) to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief may be granted. Plaintiff has filed a memorandum in opposition, and the issues have been fully briefed.

### I. Background

Plaintiff brings this action against Kruse, Reinker & Hamilton, LLC (KRH) and Malkin, claiming that they violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in connection with a form letter that was sent to plaintiff. Plaintiff seeks to bring this action on her own behalf and on behalf of a class of individuals who also received the letter.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule

12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

The FDCPA is a federal statute designed to prohibit debt collectors from employing harassing, false, deceptive, misleading, or otherwise unfair or unconscionable means to collect debt. Augustine v. Bank of America, No. 4:11-CV-2251 (E.D. Mo. April 20, 2012) (citing Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)). To state a claim under the FDCPA, a plaintiff must allege that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; [and] (3) the defendant has violated by act or omission a provision of the FDCPA." Hart v. Franklin Credit Mg't Corp., No. 4-12-CV-1126 (E.D. Mo. February 11, 2013) (citing Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997)). Ordinarily, an entity attempting to collect its own debt is not considered a "debt collector" under the FDCPA. Wilson v. Bank of Am. Corp., N.A., 2010 WL 3843781, at *4 (E.D. Mo. Sept. 27, 2010). However, if the original creditor attempts

to collect his own debt but "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts[,]" the original creditor can be considered a "debt collector." See 15 U.S.C. 1692a(6).

Malkin's sole argument in support of dismissal is that plaintiff has failed to specifically plead that Malkin is a debt collector as defined by the FDCPA. The Court disagrees and finds that plaintiff has alleged sufficient facts to raise a plausible claim against Malkin.

In the complaint, plaintiff alleges that Malkin, the creditor, used KRH's letterhead and the signature of KRH's attorney to make it appear to plaintiff as if KRH was involved in the collection process when in fact KRH was not involved. This allegation places Malkin into the exception which allows an original creditor to be considered a debt collector for the purposes of the FDCPA. See 15 U.S.C. 1692a(6). Plaintiff is required to make "a short plain statement of the claim" showing that she is entitled to relief. Fed.R.Civ.P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plaintiff's allegation satisfies this standard.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Malkin Properties of Missouri, Inc. to dismiss [Doc. # 46] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2013.